**UNITED STATES, Appellee,**

v.

**Private First Class James A. BARNES, III, SSN 430–02–3844 United States Army, Appellant.**

**CM 433777.**

U. S. Army Court of Military Review.

4 Aug. 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, and Major Grifton E. Carden, JAGC, were on the pleadings for the appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, and Captain Brian X. Bush, JAGC, were on the pleadings for the appellee.

Before JONES, GARN and LEWIS, Appellate Military Judges.

**OPINION OF THE COURT ON FURTHER REVIEW**

JONES, Senior Judge:

This case is again before the court for review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866.[1] Originally this court affirmed the findings and sentence.[2] The United States Court of Military Appeals reversed as to one charge

---

1. Appellant was convicted initially of selling marihuana, resisting apprehension, and aggravated assault in violation of Articles 134, 95, and 128, UCMJ, 10 U.S.C. §§ 934, 895, and 928. He was sentenced to a dishonorable discharge, confinement at hard labor for two years, forfeiture of all pay and allowances and reduction to Private E–1. The convening authority approved the sentence.

The appellant was acquitted of possession and transfer of marihuana.

2. *United States v. Barnes*, 3 M.J. 855 (A.C.M.R. 1977).

and specification (sale of marihuana) and as to sentence and authorized a rehearing.[3]

The issues confronting us on this second appeal are whether the convening authority followed the mandate of the Court of Military Appeals in taking his action and, if not, what is the appropriate remedy.

In implementing its decision, the Court of Military Appeals issued the following mandate:

> [T]he decision of the United States Army Court of Military Review is reversed as to specification 3 of Charge I and as to sentence. In all other respects, it is affirmed. The record is returned to the Judge Advocate General. A rehearing as to specification 3 of Charge I and/or the sentence is authorized.

In the letter of instructions forwarding the mandate on behalf of the Judge Advocate General of the Army, the convening authority was advised that he had three alternative courses of action:

> (a) order a rehearing on the sale charge and on the sentence;
>
> (b) dismiss the sale charge and order a rehearing on sentence on the remaining charges (resisting apprehension and aggravated assault);
>
> (c) dismiss the sale charge and reassess the sentence based upon the remaining charges (resisting apprehension and aggravated assault).

The convening authority selected the third alternative, determining that a rehearing was impracticable on the sentence as well as on the sale of marihuana charge. He dismissed the sale charge and reassessed the sentence on the two remaining charges.

The appellant now contends that the convening authority did not follow the Court of Military Appeal's mandate in that only a rehearing, not reassessment, was authorized. He argues that if a rehearing was not held on the sale charge or on the sentence or on both, the convening authority had no alternative but to dismiss all charges.

Government counsel concedes that the convening authority did not follow the man-

date, as reassessment was not authorized, but he argues that return of the record to the convening authority for a rehearing on sentence as to the remaining charges rather than dismissal of all charges is the appropriate remedy. Both appellate government and appellate defense counsel point to *United States v. Kuchinsky*, 17 U.S.C.M.A. 495, 38 C.M.R. 293 (1968), as controlling here.

In *Kuchinsky*, the Court of Military Appeals affirmed a conviction of making a false writing, reversed a conviction of two larceny offenses, and returned the case to the Judge Advocate General of the Navy with a mandate which provided in part as follows:

> You . . . are hereby advised that such proceedings be had in said case as will cause the convening authority to order a rehearing, if such rehearing is practicable; and such other and further proceedings as according to right and justice and the Uniform Code of Military Justice ought to be had, . . . .

The convening authority found a rehearing impracticable, dismissed the larceny offenses, and reassessed the sentence on the remaining false writing offense. The Navy Court of Military Review (then Board of Review) affirmed and appellant Kuchinsky again petitioned the Court of Military Appeals, contending that the convening authority failed to comply with the mandate.

The Court of Military Appeals agreed with appellant Kuchinsky, holding that the convening authority should have ordered a rehearing or dismissed the charges. The court indicated that unless expressly mentioned, reassessment of sentence was not an authorized alternative. It pointed to the last sentence of Article 67(f), UCMJ, 10 U.S.C. § 867(f) which provides: "If the court has ordered a rehearing, but the convening authority finds a rehearing impracticable, he may dismiss the charges." That provision, the court indicated, when coupled with the absence of an express authorization for reassessment, gave the convening authority no alternative to a dismissal if he did not direct a rehearing.

---

3. *United States v. Barnes*, 8 M.J. 115 (C.M.A. 1979).

The factual pattern in the instant case is similar to *Kuchinsky*. We view both as presenting the question of the appropriate remedy to be applied when the convening authority fails to follow the court's mandate.[4] In *Kuchinsky*, the Court of Military Appeals recognized that it could return the case for a rehearing on sentence. It did not have to dismiss charges but chose to do so in the interest of justice because Kuchinsky had been under a "probational suspension of sentence" for almost two years and a further rehearing would have been "nothing more than a harassment".

In the instant case, this court could return the record for a rehearing on sentence, as appellate government counsel urges us to do, but the problem with that is that the convening authority already has determined that such a rehearing is impracticable. This Court also could terminate the litigation by dismissing the remaining charges, as appellant urges us to do in view of the extended period of appellate review, but that removes from appellant's record an affirmed conviction of two offenses. We believe the proper course of action falls between these extremes.

We agree with appellant that the litigation should be terminated but we do not agree that dismissal of the two charges that have been affirmed previously by the Court of Military Appeals is necessary.[5] There is yet another alternative available to this court that is consistent with the mandate of the Court of Military Appeals. When, as here, we find no further punishment appropriate, we can set aside the sentence and ". . . in effect, affirm no punishment as the approved 'sentence'." *United States*

v. *Atkins*, 8 U.S.C.M.A. 77, 23 C.M.R. 301 (1957). See also, *United States v. Speller*, 8 U.S.C.M.A. 363, 24 C.M.R. 173 (1957); *United States v. Albrecht*, 4 M.J. 573 (A.C.M.R. 1977). Such an alternative is appropriate, we believe, where, as here, the remaining affirmed findings are not entwined with but are as serious as the dismissed findings.

Accordingly, as the convening authority failed to comply with the mandate of the United States Court of Military Appeals by reassessing the sentence, the sentence to Bad Conduct Discharge, confinement at hard labor for 12 months, forfeiture of all pay and allowances (applications of forfeitures deferred), and reduction to Private E–1 is set aside. The findings of guilty of resisting apprehension and aggravated assault, affirmed previously by this court and by the United States Court of Military Appeals, are not affected.

Judge GARN and Judge LEWIS concur.

---

**4.** The mandate in this case was couched in language of a rehearing being authorized whereas in *Kuchinsky* the language was in terms of a rehearing being ordered. We do not view this as a critical distinction. Neither mandate permitted reassessment.

**5.** We do not believe the Court of Military Appeals in *Kuchinsky* interpreted Article 67(f), UCMJ, and the similar provisions in Articles 63(a) and 66(e), 10 U.S.C. §§ 863(a) and 866(e) regarding dismissal of charges if a rehearing is impracticable, as requiring mandatory dismiss-

al if a rehearing on sentence only is impracticable. The dismissal of charges required by the Code follows a determination that a rehearing on *findings and sentence* is impracticable and the charges to be dismissed are those on which findings of guilty have been set aside. See *United States v. Speller*, 8 U.S.C.M.A. 363, 24 C.M.R. 173 (1957); *United States v. Atkins*, 8 U.S.C.M.A. 77, 23 C.M.R. 301 (1957); H.R. Rep.No. 491, 81st Cong., 1st Sess. 30–32 (1949); S.Rep.No. 486, 81st Cong., 1st Sess. 26, 28 (1949).