UNITED STATES, Appellee,

v.

Mitchell McCRAE, Private First Class,
U.S. Army, Appellant.

No. 44686.
CM 441816.

U.S. Court of Military Appeals.

Nov. 21, 1983.

For Appellant: *Major Robert C. Rhodes, Major Patrick F. Crow, Captain Guy J. Ferrante* (on brief); *Lieutenant Colonel R. Rex Brookshire, II.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Captain Thomas E. Booth* (on brief); *Colonel R.R. Boller.*

*Opinion of the Court*

PER CURIAM:

A military judge sitting as a general court-martial convicted appellant of rape, forcible sodomy, adultery, unlawful confinement, and assault consummated by a battery, in violation of Articles 120, 125, 134, 97, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 934, 897, and 928, respectively. The first three charges related to an attack on one woman; the latter two charges related to an attack on another woman. Although appellant was subject to a maximum possible punishment of dishonorable discharge, confinement at hard labor for life, total forfeitures, and reduction to Private E–1, the military judge sentenced him to a dishonorable discharge, confinement for 7 years, total forfeitures, and reduction to Private E–1. The judge did not specifically indicate whether he viewed any of these offenses as multiplicious for sentencing purposes. However, in practical effect, he necessarily had to treat them as multiplicious, since the maximum punishment for rape alone was the same as that for all the offenses combined. *See* Article 120; *Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977). We granted review of the case and specified three issues * to consider whether mutual

* Issues specified by the Court:

I

IS CONSENT AN ELEMENT OF THE OFFENSE OF ADULTERY? *SEE* BLACK'S LAW DICTIONARY (5th EDITION 1979); BALLENTINE'S LAW DICTIONARY (THIRD EDITION 1969).

II

IF ISSUE I IS ANSWERED IN THE AFFIRMATIVE, ARE THE FINDINGS OF GUILTY OF CHARGE III AND ITS SPECIFICATION (RAPE) INCONSISTENT WITH THE FINDINGS OF GUILTY OF CHARGE I AND ITS SPECIFICATION (ADULTERY). *SEE* AM JUR 2d 964; *STATE V. PLATZ,* 519 P.2d 1097, 1100, 214 KAN. 74, 77 (1974).

consent of the parties is implicit in adultery and, if so, whether findings of guilty of both rape and adultery were inconsistent or mutually exclusive.

Inasmuch as adultery is charged in the military as a violation of Article 134 as conduct prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces, the elements of adultery must have evolved from non-codal sources. Though many general-article offenses, like adultery, have been identified for generations, discovering the particular elements of such offenses is seldom easy. *See* Hagan, *The General Article—Elemental Confusion,* 10 Mil.L.Rev. 63 (1960), reprinted in Selected Reprint 607 (Oct. 1965). *See generally Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). The instant offense is such an example, for there appears to be no universally accepted definition of adultery. Review of our own cases discloses that we have never had occasion squarely to confront the question of mutual consent. Even the Manual for Courts-Martial, United States, 1969 (Revised edition), as changed through Change 7, dated April 15, 1983, provides no guidance in this area.

However, the Joint-Service Committee on Military Justice has tentatively taken the position that: "Adultery involves consent by both parties." Draft Proposed Revision

of the Manual for Courts-Martial, Part IV, para. 61c (May, 1983). Presumably this conclusion is based on the logic that, if the female party did not consent to the intercourse, then the proper charge would be rape, since the act of penetration alone would suffice to provide the element of force. *See* para. 199a, Manual for Courts-Martial, United States, 1969 (Revised edition).

The imminent prospect of this clarification by the Executive prompts us to reexamine the need at this time to undertake judicial definition of the adultery offense. This is particularly so when, on this record, we are satisfied that the questioned charge had no measurable impact on appellant's sentence. *United States v. Thompson,* 22 U.S.C.M.A. 88, 91, 46 C.M.R. 88, 91 (1972). Accordingly, in the interest of judicial economy, we deem summary disposition of this case appropriate. *United States v. Fox,* 10 M.J. 176 (C.M.A.1981). Out of an abundance of caution, we will reverse the decision below as to the adultery offense.

The decision of the United States Army Court of Military Review as to Charge I is reversed. The findings of guilty of Charge I and its specification are set aside and that Charge is dismissed. In all other respects, the decision below is affirmed.

III
WHETHER THE RULE IN *UNITED STATES V. MAYBURY,* 274 F.2d 899 (2d Cir.1960) PROHIBITING INCONSISTENT FINDINGS IN A JUDGE ALONE TRIAL SHOULD BE FOLLOWED IN THE MILITARY. *SEE UNITED STATES V. SNIPES,* 14 M.J. 296 (PET. GRANTED) (C.M.A.1982).