UNITED STATES, Appellee,

v.

Alex MAXWELL, Jr., Sergeant
First Class, U.S. Army, Appellant.

No. 49,462.
CM 444049.

U.S. Court of Military Appeals.

Jan. 27, 1986.

For Appellant: *Lieutenant Colonel Arthur L. Hunt, Major Stephen R. Dooley, Captain Alan D. Groesbeck* (on brief); *Colonel William G. Eckhardt, Lieutenant Colonel Paul J. Luedtke, Captain L. Sue Hayn, Captain Paul E. Conrad, Captain Karen S. Davis.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Joseph A. Rehyansky, Captain John J. Park, Jr.* (on brief); *Lieutenant Colonel John T. Edwards* and *Captain Kurt J. Fischer.*

*Opinion of the Court*

PER CURIAM.

A general court-martial composed of members convicted appellant, contrary to his pleas, of rape and, in accordance with his pleas, of adultery, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934, respectively. Following our lead in *United States v. McCrae*, 16 M.J. 485 (C.M.A. 1983), the Court of Military Review, in an unpublished opinion, set aside the adultery charge as being inconsistent with rape (both charges arose from the same episode). Otherwise, the Court of Military Review affirmed the findings and the sentence. We specified the following issue for review:

> WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY ALLOWING EVIDENCE OF PRIOR INSTANCES OF MISCONDUCT IN WHICH THE APPELLANT EVIDENCED VIOLENCE TOWARDS WOMEN WHILE INTOXICATED WHEN HIS CHARACTER FOR PEACEFULNESS WAS NOT RAISED BY THE DEFENSE AT TRIAL UNDER MIL.R.EVID. 404(a)(1).

During the Government's case-in-chief, the prosecutrix testified that appellant, while drunk, forcibly raped her; appellant denied it. By his account, the prosecutrix was flirtatious and provocative, and the intercourse was consensual. On cross-examination, trial counsel asked appellant a series of questions, the effect of which was: Isn't it true that you used force and

violence to rape the prosecutrix? Appellant denied each of these allegations. Then trial counsel asked appellant several questions about unrelated incidents in which appellant had allegedly sexually assaulted and abused other female soldiers in his unit, generally while he was under the influence of alcohol. Appellant either denied these allegations or attempted to explain them away. Finally, trial counsel asked appellant, "Do you consider yourself a peaceful person?" Appellant replied, "Yes, sir."

At this juncture, defense counsel objected on the grounds that

> this man [trial counsel] is setting-up other acts that he can't set up. If I open the door, it would be different, but he's setting-up to bring this stuff in, and is totally improper, and I would move for a motion of mistrial.

Trial counsel defended his questions on the ground that appellant had claimed to be a peaceful person who did not "hit on"[1] the women in the battery. The military judge overruled the objection and permitted trial counsel to proceed, which he did at some length. At the conclusion of the cross-examination of appellant, the defense rested.

On "rebuttal," the Government was permitted to call several witnesses who testified that appellant was often violent and sexually abusive of women, especially when drunk. On direct examination by trial counsel, these witnesses—including an alleged victim of one of these other, uncharged assaults—testified at length about various uncharged instances of appellant's misconduct. In addition, the prosecution witnesses opined that appellant was frequently not peaceable.

During instructions on findings, the military judge advised the members that appellant had introduced character evidence of his peaceableness in order to show the probability of his innocence. The prosecution's evidence of appellant's character for violence was portrayed by the judge as having been presented in rebuttal to the defense evidence.

Mil.R.Evid. 404 provides:

(a) *Character evidence generally.* Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

(1) *Character of the accused.* Evidence of a pertinent trait of the character of the accused offered by an accused, or by the prosecution to rebut the same

. . . .

 The question is whether appellant ever "offered" his character for peaceableness so as to permit government rebuttal. As indicated, the substance of appellant's testimony was merely that the intercourse was consensual. At no point on direct examination did he intimate that he was a peaceable person.[2] That bit of information was extracted from him by the prosecution. An accused does not put his character in issue, other than his credibility, merely by testifying. *See, e.g., United States v. Walker,* 313 F.2d 236, 238 (6th Cir.), *cert. denied,* 374 U.S. 807, 83 S.Ct. 1695, 10 L.Ed.2d 1031 (1963). The key here is that the prosecution cannot turn a defense witness into a character witness through cross-examination and, thereby, bootstrap otherwise inadmissible evidence into the case. *United States v. Gilliland,* 586 F.2d 1384 (10th Cir.1978). In short, it was not appellant who "offered" evidence of his character for peaceableness here. Indeed, what happened here was precisely what Mil.R. Evid. 404(a)(1) was designed to prevent. It follows that the military judge erred in permitting trial counsel to "rebut."[3] We view the evidence received as indisputably prejudicial.

---

1. I.e., sexually accost.

2. The instant case is unlike *United States v. Shields,* 20 M.J. 174 (C.M.A.1985), where the accused actively pictured himself as a peacemaker.

3. Because the evidence was offered and received at trial as rebuttal of good character evidence and the court members were specifically so instructed, we do not now speculate whether the evidence might have fit some other theory of admissibility. *United States v. Watkins,* 21 M.J. 224, 226 n. 2 (C.M.A.1986).

The decision of the United States Army Court of Military Review is reversed. The findings of guilty are set aside and the record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for further proceedings under Article 66(c), UCMJ, 10 U.S.C. § 866(c). Because appellant pleaded guilty to adultery and no errors have been assigned with respect thereto, that specification may be reinstated and the sentence reassessed, or a rehearing on the rape charge and the sentence may be authorized. *Cf. United States v. Zupancic*, 18 M.J. 387, 389 (C.M.A.1984).