**UNITED STATES, Appellee,**

v.

**Sergeant First Class Alex MAXWELL, Jr., 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, United States Army, Appellant.**

**CM 444049.**

U.S. Army Court of Military Review.

30 Oct. 1987.

For appellant: Captain Joseph Tauber, JAGC (argued), Lieutenant Colonel Joel D. Miller, JAGC, Captain Stewart C. Hudson, JAGC (on brief).

For appellee: Captain Mark E. Frye, JAGC (argued), Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

On 10 March 1983, the appellant was convicted by a general court-martial comprised of officer and enlisted members, pursuant to his pleas, of adultery (the Additional Charge) and, contrary to his pleas, of rape (the Charge), in violation of Articles 134 and 120, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 934 and 920, respectively. The sentence extended to a dishonorable discharge, confinement at hard labor for five years, and forfeiture of all pay and allowances. The convening authority reduced the period of

confinement to three years but otherwise approved the sentence.

On initial review, this court affirmed the findings of guilty of rape and, under *United States v. McCrae*, 16 M.J. 485 (C.M.A. 1983), set aside the findings of guilty of adultery as being inconsistent with rape as both charges arose from the same incident. The adultery charge was dismissed and the sentence, upon reassessment, was affirmed. *United States v. Maxwell*, CM 444049 (A.C.M.R. 14 Mar. 1984) (unpub.). On appeal, the Court of Military Appeals set aside the findings of guilty to rape because of an evidentiary error at trial[1] and remanded the case to this court for further proceedings. *United States v. Maxwell*, 21 M.J. 229 (C.M.A.1986). On remand, this court reinstated the findings of guilty of the adultery, conditionally set aside the sentence, and returned the case to the convening authority level for a rehearing on the rape charge and the sentence; we further decreed that, if the convening authority determined that a rehearing on the rape charge was impracticable, he could dismiss that charge and order a rehearing on the sentence for adultery, or if a rehearing on both the rape charge and on the sentence was impracticable, he could dismiss the rape charge and reassess the sentence on the basis of the findings of guilty of the adultery. *United States v. Maxwell*, CM 444049 (A.C.M.R. 16 June 1986) (unpub.). The convening authority deemed rehearing on the rape charge and on the sentence impracticable, dismissed the rape offense, approved the findings of guilty of the adultery offense, reassessed the sentence and approved a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

On appeal, appellant contends that this court erred by authorizing the convening authority to reassess appellant's sentence without the benefit of a rehearing. Appellant also contends that the convening authority exceeded the scope of his authority in his reassessment of the sentence in this

case. Thus the case is again before this court.

In regard to the appellant's first allegation of error, the Court of Military Appeals had stated in its opinion, citing *United States v. Zupancic*, 18 M.J. 387, 389 (C.M.A.1984), that "[b]ecause appellant pleaded guilty to adultery and no errors have been assigned with respect thereto, that specification may be reinstated and the sentence reassessed, or a rehearing on the rape charge and the sentence may be authorized." *Maxwell*, 21 M.J. at 231. This court reinstated the findings of guilty of the adultery charge, and extended to the convening authority the alternative of rehearing or reassessment and thereby provided the accused with the full panoply of rehearing and sentencing possibilities, including the potential for clemency at the convening authority level where "the accused stands the greatest chance of being relieved from the consequences of a ... severe sentence." *United States v. Wilson*, 26 C.M.R. 3, 6 (C.M.A.1958). While this procedure on remand was not provided for in the Manual for Courts–Martial, United States, 1951, it was recognized as an appropriate procedure in *United States v. Field*, 18 C.M.R. 3, 7–8 (C.M.A.1955) (where case returned to the convening authority after some, but not all, findings of guilty have been reversed, if convening authority concludes a rehearing on the reversed findings is impracticable, he need not order a sentence rehearing on the untainted findings but may reassess the sentence, absent limitation from the appellate authority). The Manual for Courts–Martial, United States, 1969 (Rev. ed.) [hereinafter M.C.M. 1969], para. 92*a* provided that

[w]hen ... a combined rehearing [which requires findings by the court-martial on only some specifications and sentencing based on those of which the accused is convicted at the rehearing combined with those which have been sustained on review] is ordered by an authority superior to the convening authority and the latter

---

1. The Court held that the military judge had erred by allowing government "rebuttal" evidence of prior instances of misconduct in which appellant was violent and sexually abusive of women, especially when he was drunk.

finds a rehearing impracticable on any specification, he may reassess and approve a sentence on the basis of the findings which were approved or affirmed, if not otherwise precluded from so doing, for example, when the reviewing authority in ordering a rehearing on certain specifications also sets aside the sentence.

The Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter MCM 1984 and R.C.M., respectively] 1107(e) discussion, which applies here, states that, "[i]f a superior authority has approved some findings of guilty and has authorized a rehearing as to other offenses and the sentence, the convening authority may, unless otherwise directed, reassess the sentence based on the approved findings of guilty...."

■ However, the appellant contends that, after *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), "the convening authority has neither the express nor implied power to reassess a sentence on remand." Apparently this argument rests on the *Sales* holding that, in reassessing a sentence where prejudicial error was committed at trial, a court of military review must determine not only that the reassessed sentence is appropriate but that it is also one that would have been of at least a certain severity or less absent the prejudicial error committed at trial. Absent such a determination, appellant asserts that a resentencing hearing at a court-martial convened for that purpose must be ordered. *Id.* at 307–308. The defense argument fails, however, to acknowledge the breadth of the power granted the convening authority in the military system of justice and explicit Manual language to the contrary.[2] We recognize that the role of the convening authority has undergone a metamorphosis from representing the initial step "in an accused's climb up the appellate ladder," *United States v. Wilson*, 26 C.M.R. at 6, to "not, strictly speaking, part of the appellate process...." *United States v. Cansdale*, 7 M.J. 143, 146 (C.M.A.1979). Nevertheless, as *Cansdale* notes, he is "definitely *not* a part of the trial process." *Id.* (emphasis in original). He is in fact the first reviewing authority in our judicial system, with "broad powers which are not enjoyed by Courts of Military Review or even by [the Court of Military Appeals]." *United States v. Boatner*, 43 C.M.R. 216, 217 (C.M.A.1971).

Had the evidentiary error been identified in the initial post-trial review process, we think it clear that the convening authority would have had the power to correct the situation. *See* M.C.M., 1969, paras. 87 and 88; R.C.M. 1107(c) and (d). "By reassessment of a sentence adjudged at trial, a reviewing authority can purge the prejudicial effect of an error that may have led the trial court to impose a sentence more severe than that which might have been imposed had the error not been made." *United States v. Bashaw*, 6 M.J. 179, 180 (C.M.A.1979). Reassessment has been recognized as the "functional equivalent of resentencing" which has as its premise "that the result ultimately reached is a sentence which the court-martial might have adjudged if the original error had not occurred at trial." *United States v. Bullington*, 13 M.J. 184, 188 (C.M.A.1982). This reassessment power in the convening authority has not been abrogated by *Sales.*

■ Thus, we believed that, under the language of the opinion of the Court of Military Appeals in this case, it was proper for this court to remand the case to the convening authority and, among other options, authorize him to reassess the sentence based on the finding of guilty of adultery. However, in our current review, we noted that the language of the mandate of the Court of Military Appeals differs from the language of the opinion. The published opinion returned the case to us for further proceedings under Article 66(c), UCMJ, 10 U.S.C. § 866(c), and authorized sentence reassessment in general language, 21 M.J. at 231, while the mandate provides that it is *this court* that may

---

2. Paragraph 92*a*, M.C.M., 1969 and R.C.M. 1107(e) discussion, quoted in the text above.

reassess the sentence.[3] The question becomes whether this court had the power *under that mandate* to authorize sentence reassessment by the convening authority.

Our analysis starts with the issue of reassessment power on remand. In *United States v. Kuchinsky*, 38 C.M.R. 293 (C.M.A.1968), the Court of Military Appeals affirmed the appellant's conviction for making a false writing but reversed the conviction for larceny and returned the record of trial to The Judge Advocate General of the Navy so that a rehearing would be ordered. The convening authority determined that a rehearing was impracticable, dismissed the larceny specifications, and reassessed the sentence for the remaining offense. The Court of Military Appeals rejected the government's argument that a redetermination of the sentence by a court-martial was not required on the remaining untainted findings and held that this reassessment was error because "the court intended, indeed expected, that a rehearing in this case would be the result of [its] opinion.... The court's accompanying mandate granted neither enlargement nor deviation in this judicial course." 38 C.M.R. at 296.

A similar result obtained in *United States v. Barnes*, 9 M.J. 921 (A.C.M.R. 1980). In *Barnes*, the Court of Military Appeals had authorized a rehearing as to the reversed specification "and/or the sentence." The Army Court subsequently held it was error for the convening authority to determine that no rehearing was practicable and reassess based on the remaining findings. *Id.* at 923. The provision ordering a rehearing, "when coupled with the absence of an express authorization for reassessment, gave the convening authority no alternative ... if he did not direct

dismissal." *Id.* at 922. A similar situation exists in this case, where the Court of Military Appeals' mandate authorized a rehearing on sentence—but lacked an express authorization for reassessment—at the convening authority level.

 While our remand to the convening authority in fact granted the appellant more potential sentencing benefit than that to which he was entitled, it was nevertheless error. We note that the appellant did not complain at the time we returned this case to the convening authority, authorizing, *inter alia*, sentence reassessment. Nor did the appellant voice an objection at the lower level to the staff judge advocate's recommendation to the convening authority that reassessment of the sentence was a more practicable alternative than a sentence rehearing on the adultery charge.[4] Nevertheless, we refuse to apply waiver under the circumstances of this case where plain error exists.

 If this court could not authorize sentence reassessment by the convening authority, then neither could the convening authority exercise such authority. As a general rule, both are bound by the mandate of a higher appellate authority. When the Court of Military Appeals returns a case, its orders must be complied with without modification or alteration by those below. If a mandate is obscure or ill-conceived, relief should be sought from the tribunal which issued it.[5] *Cf. United States v. Montesinos*, 24 M.J. 682 (A.C.M.R.1987) (superior authority may prescribe parameters for a supplemental action by a convening authority).

Having found that the mandate of the United States Court of Military Appeals

---

3. In pertinent part, the mandate states that the Court of Military Review "may reinstate the findings of guilty to the additional charge and its specification, reassess the sentence based thereon, and dismiss the charge and its specification; or it may order a rehearing on the charge and its specification and the sentence."

4. In his response to the staff judge advocate's recommendation, the trial defense counsel requested that the convening authority not approve a punitive discharge.

5. Adamkewicz, *Appellate Consideration of Matters Outside the Record of Trial*, 32 Mil.L.Rev. 1, 38 (April 1966). *Cf. United States v. Hawkins*, 11 M.J. 4, 5 (C.M.A.1981) (where party has a question about court's order, clarification or modification should have been requested). Rulings of this court are not immutable. *See* Rule 19, Rules of Practice and Procedure, Courts of Military Review, 22 M.J. CXXXIV.

has not been obeyed, we must fashion a remedy. The Court of Military Appeals recognized in its remand to this court that this is a case in which sentence reassessment by a court of military review for the unaffected affirmed offense would not be inappropriate. That decree is constitutionally sound, *Jackson v. Taylor*, 353 U.S. 569, 77 S.Ct. 1027, 1 L.Ed.2d 1045 (1957), and entitled to respect by this court, *United States v. Jones*, 23 M.J. 301 (C.M.A. 1987). As the Court of Military Appeals has earlier said in a similar context, "where either a rehearing or reassessment of the sentence was deemed appropriate, our holding in each so stated." *Kuchinsky*, 38 C.M.R. at 296.

We are satisfied that *Sales* does not announce a new rule of appellate construction for courts of military review. Military law has long recognized that, when error is committed at trial, the courts of military review in reassessing the sentence have the "duty to determine that all prejudice caused by trial error has been removed." *Id.*, 22 M.J. at 309. *See, e.g., United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A.1985) (when prejudicial error has occurred, the Court of Military Review "must assure that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed."); *United States v. Bullington*, 13 M.J. at 188 ("[t]he premise for the reassessment is that the result ultimately reached is a sentence which the court-martial might have adjudged if the original error had not occurred at trial."); *United States v. Bashaw, supra; United States v. Reiner*, 23 C.M.R. 325, 327 (C.M.A.1957) (in reassessing sentence, board of review gave "due consideration to any error committed ... and any prejudice flowing therefrom"); *United States v. Ricker*, CM 270462, 45

B.R. 295, 302 (1945) ("[a]lthough it is impossible to measure the effect which the erroneous information [inadmissible previous convictions] had upon the court in assessing the punishment adjudged, the Board of Review is of the opinion that the error was purged and rectified by the action of the reviewing authority in reducing the sentence of confinement from life to 15 years."). Purgation is an action taken by reviewing authorities to remove the prejudicial effect of error.

■ Where we have determined that reassessment of the sentence will purge an error that does not affect affirmed findings, we have done so by approving an appropriate sentence on the basis of the error noted and the entire record and without always announcing our belief that the sentence we were approving is one that the original sentencing body would have at least adjudged absent the error. We do not interpret *Sales* as attempting to limit the intent clearly expressed by Congress in Article 66(c) that the entire record, which includes errors noted, is the basis for us to determine what sentence should be approved.[6]

■ Notwithstanding that the Court of Military Appeals may have authorized sentence reassessment, if this court is unable by reassessment to purge the prejudicial effect of error, to meet the statutory conditions of Article 59(a), 10 U.S.C. § 859(a) and Article 66(c) we would be required to order a sentence rehearing or approve no sentence. However, in this instance, we can reliably determine that, absent any error, "the sentence adjudged would have been of at least a certain severity," as well as approve an appropriate sentence for the affirmed offense, *Sales*, 22 M.J. at 308, and thus meet our Codal obligations.[7]

**6.** Accordingly, we see no need to add in each opinion where error has been found that our sentence decision adheres to the requirements of *Sales*.

**7.** Application of the *Sales* opinion is troublesome. If some of its language is literally construed, this court would be required to determine what sentence the court-martial would have adjudged if the error had not occurred. Such omniscience as a standard of review by

this body was specifically rejected by the Supreme Court in *Jackson v. Taylor, supra.* In *Jackson*, the petitioner was convicted of premeditated murder and attempted rape and sentenced to life imprisonment. The board of review set the murder conviction aside as unsupported by the record but affirmed the attempted rape conviction and confinement for twenty years. The petitioner argued that the board of review erred in approving the maximum sen-

The appellant, married to another, had sexual intercourse with a young, lower-ranking enlisted soldier after an extended social relationship with sexual overtones. Appellant was a platoon sergeant in her battery and was occasionally the acting first sergeant. Such abuse of rank and position is sufficiently aggravating that we are convinced that "even if no error had occurred at trial, the accused's sentence would have been at least of a certain magnitude." *Id.* at 307. The interests of justice do not require the redetermination of the sentence by a court-martial.[8] The action we take will purge any possible prejudice.[9]

■ Accordingly, the findings of guilty of the Charge and its Specification are set aside and the Charge and its Specification are dismissed. The remaining findings of guilty are affirmed. Upon reassessment, the court affirms only so much of the sentence as provides for confinement for three months and forfeitures of $400.00 pay per month for three months.

Judge LYMBURNER concurs.

SMITH, Judge, dissenting:

I can not agree that the majority's reassessment ensures that appellant's reassessed sentence is one that meets the requirements of *Sales* and its predecessors. In *Sales*, the Court of Military Appeals stated that:

[i]n some cases, the Court of Military Review may conclude that it cannot reliably determine what sentence would have been imposed at the trial level if the error had not occurred. Under these circumstances, a rehearing on sentence is in order. *Cf. United States v. Gibson,* 11 M.J. 435 (C.M.A.1981); *United States v. Voorhees,* 40 U.S.C.M.A. 509, 16 C.M.R. 83 (1954).

*Id.* at 307.

I recognize that determining that a reassessment ensures that an accused is sentenced as he would have been, absent error, is by necessity a subjective endeavor and that *Sales* does not require clairvoyance on the part of convening authorities and appellate judges when they reassess. However, the right to be sentenced by a sentencing authority, embodied in Article 52 of the UCMJ, 10 U.S.C. § 852, cannot be circumvented at the appellate level or by a convening authority unless it can be "reliably determined" that nothing less than the sentence, as reassessed, would have been imposed at the trial level. In this case a noncommissioned officer (a promotable Sergeant First Class) with 18 years service was sentenced by an officer and enlisted court for the offenses of rape and adultery. The majority now reassesses, considering the offense of adultery only, and determines that nothing less than the reassessed sentence would have been adjudged by the courtmembers. In this case, there is in reality no sentence to reassess because of the vast difference in the severity of and the punishment authorized for the dismissed offense and the affirmed offense. I am unable to reliably reassess and believe

---

tence for attempted rape because the court-martial might have imposed a lesser sentence had it considered the matter initially. The Supreme Court found such argument to be faulty and based on pure conjecture. No one could say what sentence the court-martial would have imposed if it had found petitioner guilty of only attempted rape. But Congress avoided the necessity for conjecture and speculation by placing authority in the board of review to correct not only the findings as to guilt but the sentence as well.

*Id.,* 353 U.S. at 578, 77 S.Ct. at 1033. *Accord Fowler v. Wilkinson,* 353 U.S. 583, 77 S.Ct. 1035, 1 L.Ed.2d 1054 (1957). We read *Sales* as requiring that this court reliably determine that nothing less than the sentence, as reassessed, would have been imposed at the trial level.

**8.** Our disposition of this case makes it unnecessary to discuss appellant's contention that the convening authority abused his discretion by not holding a sentence rehearing.

**9.** Not having participated in the earlier decisions in this case, I find it difficult to understand the reasoning of the dissenting judge, who had originally joined in the opinion that authorized reassessment by the convening authority. However, the dissent, in calling for a sentence rehearing, is understandable if *Sales* is read as requiring this court to apportion component parts of an aggregate sentence after disapproval of some but not all of the findings of guilty.

that, absent a reassessment to "no punishment," *Sales* requires a rehearing on sentence. My brothers have not reassessed appellant's sentence but have instead sentenced him.