UNITED STATES, Appellee,

v.

Sergeant Larry B. JOHNSON,
425–06–7728, United States
Army, Appellant.

CM 446464.

U.S. Army Court of Military Review.

5 Oct. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain William J. Kilgallin, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain George R. Gillette, JAGC (on brief).

Before COKER, KENNETT and BASHAM, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

BASHAM, Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of indecent acts with another, assault consummated by a battery, failure to obey a lawful order, and making a false official statement, in violation of Articles 134, 128, 92, and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 928, 892, and 907 [hereinafter UCMJ], respectively. His approved sentence was a bad-conduct discharge, confinement for one year, reduction to the grade of E1, and forfeiture of $298.00 pay per month for one year.

On initial review, this court affirmed the findings of guilty and the sentence. *United States v. Johnson*, CM 446464 (A.C.M.R. 22 Oct. 1985) (unpub.). On appeal, the Court of Military Appeals concluded that the trial judge had erred in an evidentiary ruling which affected the indecent acts and assault charges.[1] The court affirmed the findings of guilty of failure to obey a lawful order and making a false official state-

ment, and set aside the findings of guilty of indecent acts and assault. *United States v. Johnson*, 25 M.J. 212 (C.M.A. 1987) (summary disposition). Returning the case to the convening authority, the Court authorized a limited rehearing as to the affected charges or, if such rehearing was deemed impracticable, their dismissal and a sentence reassessment. The convening authority determined a rehearing to be impracticable, dismissed the affected charges and reassessed the sentence based solely on the remaining offenses. He approved a bad-conduct discharge, confinement for three months, and forfeiture of $298.00 pay per month for three months.

Appellant alleges that the convening authority abused his discretion by reassessing the sentence rather than ordering a rehearing on sentence and that he also failed to apply the proper standards in making the reassessment. Appellant argues that the mandates of *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), apply to a convening authority when acting on a case following dismissal of some, but not all, of the charges and that *Sales* requires us to set aside the sentence in this case and order a sentence rehearing on the remaining findings of guilty. We agree that *Sales* provides the proper guidelines by which to measure the actions of the convening authority in a case such as this, but we do not agree that the convening authority in this case abused his discretion.

In *United States v. Sales*, the Court of Military Appeals reminded the Courts of Military Review of their responsibility to explicitly comply with Article 59(a), UCMJ, by sentence reassessment removing all prejudice caused by trial error. The Court reasoned that before a Court of Military Review could make a determination that a sentence was "appropriate" as required by Article 66, UCMJ, "it must [first] assure that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed." *United States v. Sales*, 22 M.J. at 308 (citation omitted). *See also United States*

---

1. The refusal of the trial judge to permit defense counsel to establish a proper foundation for admissibility of polygraph evidence was consist-

ent with existing practice at the time of trial but was held to be error by *United States v. Gipson*, 24 M.J. 246 (C.M.A.1987).

*v. Maxwell,* 25 M.J. 597 (A.C.M.R.1987), *petition denied,* 27 M.J. 184 (C.M.A.1988).

 Treating the issues *seriatim,* we are satisfied that the convening authority was not required to order a rehearing on sentence. The mandate promulgated by the Court of Military Appeals directed, *inter alia,* that "[i]f the affected charges [indecent acts and assault] are dismissed, the convening authority may reassess the sentence based on the approved findings." *United States v. Johnson,* 25 M.J. at 212. Thus, the convening authority did no more than comply with the explicit directive of the Court of Military Appeals.[2] *Cf. United States v. Kuchinsky,* 38 C.M.R. 293 (C.M. A.1968); *United States v. Maxwell,* 25 M.J. 597. Although we agree with the observation in *Maxwell* that a hearing may be appropriate where there is a "vast difference in the severity of and the punishment authorized for the dismissed offense and the affirmed offense," that is not this case. *United States v. Maxwell,* 25 M.J. at 603 (Smith, J., dissenting). *See also United States v. Bolser,* 22 M.J. 564 (A.F.C.M.R. 1986) (ordering sentence rehearing due to great disparity between severity of offenses affirmed and those set aside). That issue was decided in this case *sub silentio* by the Court of Military Appeals when that Court authorized sentence reassessment by the convening authority.

Appellant also argues that the staff judge advocate improperly advised the convening authority and that the convening authority erred by failing to follow the reassessment criteria of *Sales.* We disagree. The staff judge advocate advised the convening authority:

> In reassessing the sentence, you may only approve a sentence that is both appropriate in relation to the *affirmed* find-

ings of guilty and which is no greater or more severe than that which would have been imposed at trial if the accused had only been convicted of the affirmed charges.

(emphasis in original). That language is virtually verbatim from *Sales,* 25 M.J. at 307–08, and a correct statement of the law. Thus, from our examination of the errors asserted, we find no basis upon which to afford appellant relief.

 The findings having previously been affirmed by the Court of Military Appeals, *United States v. Johnson,* 25 M.J. at 212, we turn now to the discharge of our independent duties under Articles 59(a) and 66, UCMJ, and we reduce appellant's sentence based upon the total record. Accordingly, only so much of the sentence is affirmed as provides for confinement for three months and forfeiture of $298.00 pay per month for three months.

Senior Judge COKER and Judge KENNETT concur.

---

2. If the convening authority concluded that he could not reliably determine what sentence would have been imposed at the trial level absent the judge's error, he should have used the guidelines from *Sales,* by substituting his role for that of the Court of Military Review, for we believe the *Sales* standards apply.

In some cases, the Court of Military Review may conclude that it cannot reliably determine what sentence would have been imposed at the trial level if the error had not occurred.

Under these circumstances, a rehearing on sentence is in order....

....

On other occasions, the Court ... may be convinced that even if no error had occurred at trial, the accused's sentence would have been at least of a certain magnitude. Under those circumstances the Court ... need not order a rehearing on sentence, but instead may reassess the sentence.

*United States v. Sales,* at 307 (citations omitted).