UNITED STATES

v.

**Staff Sergeant Dave W. REED, FR278–72–3224, United States Air Force.**

ACM 31685.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 27 April 1995.

Decided 18 July 1996.

Appellate Counsel for Appellant: Colonel Jay L. Cohen and Captain J. Knight Champion, III.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise, Lieutenant Colonel Michael J. Breslin, and Captain Deborah M. Carr.

Before HEIMBURG, GAMBOA, and SENANDER, Appellate Military Judges.

## OPINION OF THE COURT

HEIMBURG, Senior Judge:

This case poses two, interrelated questions. May a prosecutor, during cross-examination of the accused, bring up a "pertinent character trait" of the accused? May a prosecutor who introduces such a character trait on cross-examination of the accused, without objection, then rebut the accused's answer by extrinsic evidence of specific acts? Our answer to both questions is no, and we reverse the appellant's conviction.

### Facts

The appellant was tried by general court-martial, sitting with members, for two specifications of indecent acts and one specification of attempted sodomy with his then-14 year old niece. Articles 134 and 80, UCMJ, 10 U.S.C. §§ 934, 880 (1988). The sole witness against the appellant was his niece, who testified that he fondled her, placed her hand on his penis, and attempted to force her to commit oral sodomy with him during an automobile trip in December 1993. The appellant took the witness stand and vigorously denied that any such events had occurred.

During cross-examination of the appellant, the trial counsel asked him if he was "sexually aggressive" toward women. The appellant said that he was not. The trial counsel asked the appellant whether he had "ever been

sexually aggressive" toward women. The appellant denied it, without elaboration. After the defense rested its case, the prosecution, over objection by the appellant, produced a rebuttal witness, Jeannie, the wife of the appellant's cousin. Jeannie testified that the appellant had been "aggressive" toward her under the mistletoe at Christmas several years before the charged offenses, and had also made "anonymous" phone calls to her in which he "undressed" her.

The appellant argues that the prosecution should not have been allowed to present that rebuttal witness, since she did not rebut any evidence introduced by the defense. He argues that Jeannie's testimony rebutted answers to questions asked by the prosecutor; thus, her testimony rebutted "evidence introduced by the prosecution." We agree the rebuttal was improper, but for somewhat different reasons.

### Law

An accused person's character is not usually in issue at trial. An accused person can offer evidence of a character trait pertinent to a charged offense, however, and if he does, the prosecutor may rebut. MIL. R.EVID. 404(a); see United States v. Pruitt, 43 M.J 864, 867 (A.F.Ct.Crim.App.1996) ("[T]he accused holds the key to the character closet.") Whether offered by the accused or in rebuttal, however, a pertinent trait of character may be proved only by reputation or opinion testimony—proof of specific instances of conduct is not permitted. MIL. R.EVID. 405(a); 404(b).

When an accused testifies, his credibility is at issue and may be attacked the same as any other witness. Again, however, the rules of evidence prohibit impeachment of a witness by extrinsic evidence of other acts, except to show "bias, prejudice, or any motive to misrepresent." MIL.R.EVID. 608(b)–(c); United States v. Maxwell, 21 M.J. 229, 230 (C.M.A.1986). There appears to be a limited exception permitting extrinsic evidence to contradict an accused's volunteered assertion of a " 'pertinent trait of' abstaining from engaging in conduct like that for which he is being tried." United States v. Trimper, 28 M.J. 460, 467 (C.M.A.1989),

*cert. denied,* 493 U.S. 965, 110 S.Ct. 409, 107 L.Ed.2d 374 (1989). In *Trimper,* however, the Court of Military Appeals (now Court of Appeals for the Armed Forces) said, "[t]he case would be quite different if the testimony about no prior use of drugs had been 'extracted from' Trimper by the prosecution." *Id.*

### Rebuttal by Specific Instances of Conduct

As we address the propriety of the rebuttal evidence, our first question is whether the appellant, by answering the questions put to him by the prosecutor, "proffered" evidence of a pertinent trait of character, "nonaggressive behavior toward women," which could be rebutted. We concluded he did not. "The key here is that the prosecution cannot turn a defense witness into a character witness through cross-examination and, thereby, bootstrap otherwise inadmissible evidence into the case." *Maxwell,* 21 M.J. at 230 (citation omitted). Obviously, had the appellant objected to this line of questioning, the military judge should have prevented it, for the prosecutor may not initiate evidence of character. "The prosecution may not launch a preemptive strike by showing the accused is probably guilty because of a character flaw ('once a thief, always a thief')." *Pruitt,* 43 M.J. at 867. However, the appellant did not object. Without objection, the evidence (appellant's denial of being sexually aggressive toward women), was properly before the members.

That does not, however, make this rebuttal testimony proper. When the prosecutor got the appellant's denials, he had to live with the answers. It was improper for the prosecutor to produce extrinsic evidence to prove that the appellant's denial was false.

### Testing for Prejudice

Having found error, we must test for prejudice. Article 59(a), UCMJ, 10 U.S.C. § 859(a) (1994). Based on the record before us, prejudice is apparent. There were but two witnesses to the events in question: the appellant and his niece. The defense case was primarily an attack on the niece's credibility, highlighting factual inconsistencies in her story and prior inconsistent statements she made after reporting the offenses. There was no physical corroboration of sexual activity.

The trial counsel made extensive use of Jeannie's inadmissible testimony in both his findings arguments. He not only argued that her testimony showed the appellant was sexually aggressive toward women, but he argued it proved the appellant was a liar who could not be believed. Because this bit of evidence occupied such an important place in the prosecutor's arguments on guilt, we are unable to conclude that, without Jeannie's testimony, the court members would have convicted the appellant.

### Conclusion

The findings and sentence are set aside, and the record of trial is returned to The Judge Advocate General for forwarding to the convening authority. A rehearing may be ordered.

Judges GAMBOA and SENANDER concur.