**UNITED STATES**

v.

**Senior Airman Earlice S. JORDAN, FR 264–39–3110, United States Air Force.**

**ACM 28851.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 July 1990.

Decided 25 Jan. 1991.

Appellate Counsel for the Appellant: Lieutenant Colonel Jeffrey R. Owens, Major Ronald G. Morgan and Major Bernard E. Doyle, Jr.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Major Brenda J. Hollis, and Captain Morris D. Davis.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

LEONARD, Senior Judge:

Pursuant to guilty pleas, Senior Airman Earlice S. Jordan was convicted of five specifications of making and uttering insufficient funds checks with the intent to defraud, making and uttering one insufficient funds check with the intent to defraud and to deceive, impersonating a noncommissioned officer, and failing to obey a lawful order.

Appellant asserts the staff judge advocate did not advise the convening authority as to the proper standard for reassessing appellant's sentence and the convening authority erred in approving the adjudged sentence. We disagree, but, in determining sentence appropriateness, we grant appellant some sentence relief.

Appellant's trial was before a military judge sitting alone. Approximately two weeks after the trial, the military judge sent a letter to the staff judge advocate stating that he had committed reversible error in entering findings of guilty to two of the specifications.[1] He suggested

---

1. It appears that the military judge noticed his error at the time he authenticated the record of trial. If the error were detected before authentication, the better method of handling this type

the convening authority take corrective action by setting aside the findings of guilty to a specification alleging an insufficient funds check for $1,500.00 and the words "intent to defraud" contained in another specification. He also stated:

If the Convening Authority takes remedial action, the maximum confinement will be reduced to 19½ years (instead of the 29 years I advised the accused of) and the sentence will have to be reassessed.

By the time the letter was received, the staff judge advocate had already prepared his post-trial recommendation. The trial defense counsel submitted the military judge's letter as an attachment to his response to the recommendation and requested corrective action and a rehearing on sentence. The addendum to the staff judge advocate's recommendation advised the convening authority to take the corrective action on findings suggested by the military judge. However, with respect to appellant's sentence, the staff judge advocate advised the convening authority that a rehearing was not necessary and expressed the opinion that, considering the remaining convictions and appellant's previous Article 15, UCMJ, punishments, the adjudged sentence was appropriate.

Following his staff judge advocate's advice, the convening authority disapproved the findings of guilty to the specification alleging the making and uttering the $1,500.00 insufficient funds check and the findings of guilty to the words "intent to defraud" in another specification. After taking this corrective action, the convening authority approved the adjudged sentence of a bad conduct discharge, confinement for eight months, total forfeitures and reduction to airman basic.

■ The issue asserted by appellant is governed by Article 60, UCMJ, 10 U.S.C. § 860, as amended by the Military Justice Act of 1983 and the Rules for Courts-Mar-

tial in Part II of the 1984 manual for Courts–Martial.[2] Prior case law interpreting the requirements for the staff judge advocate's review provided for in paragraph 85 of the Manual for Courts–Martial 1969 (rev.) no longer apply. Under Article 60 and the rules, the convening authority has a command prerogative to approve or disapprove a legal sentence for any or no reason. R.C.M. 1107(b)(1) and (d)(1).

The requirements for staff judge advocate advice concerning the convening authority's action on the sentence are very limited. The convening authority must be provided a specific recommendation as to the action to be taken on the sentence. R.C.M. 1106(d)(3)(E). When a pretrial agreement is involved, the staff judge advocate must state the action the convening authority is obligated to take under the agreement. R.C.M. 1106(d)(3)(D).

There is no specific requirement for any standards to be provided the convening authority to assist in accomplishing a reassessment of sentence when such may be warranted. When corrective action on the findings results in disapproval of a finding of guilty, the convening authority need only be advised whether reassessment is appropriate. Air Force Regulation 111–1, *Military Justice Guide*, paragraph 15–5e (March 1990). However, when an assertion of legal error is raised in matters submitted under R.C.M. 1105, the staff judge advocate is required to state whether corrective action is required on the findings or sentence. R.C.M. 1106(d)(4).

Some guidance regarding the exercise of the convening authority's prerogative on sentence is included in the nonbinding discussion accompanying R.C.M. 1107. In determining the sentence to be approved, the convening authority should consider all relevant factors including the possibility of rehabilitation, the deterrent effect of the sentence, and all matters relating to clem-

---

of error would have been for the military judge to direct a post-trial session under R.C.M. 1102(d). Such a post-trial session could have been used to reconsider the erroneous findings of guilty and redetermine the sentence. *See* R.C.M. 1102(b), (c), and (e). As requested by the trial defense counsel, the convening authori-

ty could have also ordered a rehearing on sentence and avoided this issue. *See* R.C.M. 1107(e)(1).

**2.** Pub.L. No. 98–209, 97 Stat. 1393 (1983); Exec. Order No. 12473, 13 April 1984.

ency. R.C.M. 1107(d)(2), Discussion. Action on the findings and sentence is taken in the interests of justice, discipline, mission requirements, clemency, and other appropriate reasons. R.C.M. 1107(b)(1), Discussion.

Considering this guidance and requirements, we find no error in the advice provided the convening authority in this case. The convening authority was informed that, if he accepted the recommendation to disapprove certain findings, reassessment of the sentence would be required. He was also provided a specific recommendation as to the action to be taken on the sentence. This advice met the requirements of both R.C.M. 1106(d) and paragraph 15–5 of AFR 111–1.[3]

■ Although we find no error in either the staff judge advocate's recommendations or the convening authority's action, we have an independent duty to review the appropriateness of appellant's sentence. Taking into consideration the entire record and the significant reduction in the maximum punishment due to the convening authority's action, we find appropriate only so much of appellant's sentence as provides for a bad conduct discharge, confinement for six months, total forfeitures, and reduction to airman basic. Article 66(c), UCMJ, 10 U.S.C. § 966(c).

The approved findings of guilty, and the sentence, as modified, are

AFFIRMED.

Judges RIVES and JAMES concur.

---

**3.** Although the minimum requirements were met in this case, we think the better practice would be to provide the convening authority some guidance to aid his reassessment. The Army Court of Military Review found the following advice to be proper in such a situation:

In reassessing the sentence, you may only approve a sentence that is both appropriate in relation to the *affirmed* findings of guilty and which is no greater or more severe than that which would have been imposed at trial if the accused had only been convicted of the affirmed charges.

*United States v. Johnson,* 27 M.J. 553, 555 (A.C. M.R.1988) (emphasis in original). We find that advice to be good guidance.